TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Bvld, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective,
and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

YVONNE CHIU,
*on behalf of herself and others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | Case No: 20-cv-4767 |
| v. | **Related Case:** *Chiu v. American Yuexianggui of LI, Inc.*, No. 18-cv-05091 (SJF) (AKT), (E.D.N.Y.) |
| EAST VILLAGE STAFFING, INC., | |
| XING MEI CHEN | |
|     a/k/a Xingmei Chen | **29 U.S.C. § 216(B) COLLECTIVE** |
|     a/k/a Elizabeth Chen, | **ACTION & FED. R. CIV. P. 23** |
| YONGJUAN ZHU | **CLASS ACTION** |
|     a/k/a Yong Juan Zhu, | |
| ZHAO MIN SONG | **COMPLAINT** |
|     a/k/a Chao Min Song | |
|     a/k/a Zhaomin Song | **DEMAND FOR JURY TRIAL** |
|     a/k/a Chaomin Song, and | |
| YOLANDA LUO | |
| Defendants. | |

---------------------------------------------------------------- x

Plaintiff YVONNE CHIU (hereinafter referred to as "Plaintiff"), on behalf of herself and

others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this com-

plaint against Defendants EAST VILLAGE STAFFING, INC., XING MEI CHEN a/k/a Xingmei

Chen a/k/a Elizabeth Chen, YONGJUAN ZHU a/k/a Yong Juan Zhu, and ZHAO MIN SONG

a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song, and YOLANDA LOU (hereinafter

referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1.       This action is brought by the Plaintiff, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. L., arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.       Upon information and belief, Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, wages for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.       Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from Defendants (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, (4) prejudgment and post-judgement interest; and/or (5) attorney's fees and costs.

4.       Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and 12 N.Y.C.R.R. § 146 (the "Wage Order") that she is entitled to recover from Defendants (1) unpaid wages including minimum wages, (2) unpaid overtime, (3) unpaid spread-of-time, (4) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a wage notice compliant with NYLL § 195.1 at hiring, (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a wage statement compliant with NYLL § 195.3 with each payment of wages, (6) liquidated damages, (7) 9% simple prejudgment interest, (8) post-judgment interest, and (9) attorney's fees and costs.

5.       Plaintiff alleges that Defendant XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen fraudulently encumbered and transferred her most significant asset, i.e. 90% of the shares of AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant Defendant

YONGJUAN ZHU a/k/a Yong Juan Zhu (hereinafter the "Purported Transfer") in order to frustrate, hinder, and delay Plaintiff's and Plaintiff's attorneys right as present or future creditors in the lawsuit styled *Chiu v. American Yuexianggui of LI LLC*, No. 18-cv-05091 (SJF) (AKT), (E.D.N.Y.) (hereinafter "*Chiu I*"), in violation of the New York Debtor and Creditor Law ("NYDCL"), N.Y. D.C.L. § 270 *et seq.*

6.      In *Chiu I*, Plaintiff is pursuing her claims under the FLSA and NYLL, as detailed in paragraphs 3 and 4, *supra*, against AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant and XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen.

7.      This conveyance is voidable pursuant to NYDCL § 273 as constructively and actually fraudulent, because it was made with actual intent to render XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen insolvent and judgment proof in *Chen I*, and because it was made without receiving a reasonably equivalent value in consideration, in the presence of several badges of fraud.

## JURISDICTION AND VENUE

8.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL and state-law fraudulent transfer claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

10.      Plaintiff was employed to work as a cashier at the Chinese restaurant "Lou Joe Restaurant" located at 255 Willis Ave, Roslyn Heights, NY 11577 from on or about October 19, 2017 through on or about July 16, 2018.

## DEFENDANTS

### *Corporate Defendant*

11.    EAST VILLAGE STAFFING, INC. is a domestic business corporation organized under the laws of the State of New York with a principal address at 255 Willis Ave, Roslyn Heights, NY 11577.

12.    EAST VILLAGE STAFFING, INC. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.    EAST VILLAGE STAFFING, INC. purchased and handled goods moved in interstate commerce.

14.    EAST VILLAGE STAFFING, INC. acts as the pass through vehicle for employee payroll of Lou Joe Restaurant. *See* Exhibit 2 Restaurant Management and Operations Agreement.

### *Individual Defendants*

15.    The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law. NYBSC § 630(a).

### XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen

16.    XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen was the owner of AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant prior to the share of transfers of AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant in November 2019, 2 months after the filing of *Chiu I*.

17.    In *Chiu I*, Plaintiff alleges that XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen was her employer with the power to hire and fire (a power which she exercised when she hired Plaintiff and fired at least three general managers, a waiter, a chef, and an accountant),

who supervised her and other employees, who determined her rate and method of pay and that of other employees, who kept employee records for AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant, and who acted willfully and maliciously in denying her minimum wage and overtime and in otherwise failing to comply with the FLSA and NYLL.

**YONGJUAN ZHU a/k/a Yong Juan Zhu**

18.     *Chiu I* was filed in the United States District Court for the Eastern District of New York on September 10, 2018.

19.     At that time, YONGJUAN ZHU a/k/a Yong Juan Zhu worked as the oil wok at the Lou Joe Restaurant.

20.     YONGJUAN ZHU a/k/a Yong Juan Zhu also worked as the babysitter for XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen.

21.     On or about November 13, 2018, YONGJUAN ZHU a/k/a Yong Juan Zhu received 90% of the ownership interest in AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant from XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen, ostensibly paying $20,000 in consideration. *See* Exhibit 1 Membership Interest Agreement.

22.     However, YONGJUAN ZHU a/k/a Yong Juan Zhu, as a line worker at Lou Joe, did not have any money to pay for the ownership interest, and did not pay for the ownership interest.

23.     On or about the Lunar New Year of 2019, which fell in early February of that year, XINGTAO CHEN, who is the sister of XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen, called Plaintiff YVONNE CHIU directly in an attempt to settle *Chiu I*.

24.     At that time, XINGTAO CHEN threatened Plaintiff that if she did not accept $1,500.00 to settle *Chiu I*, she would get "not one cent" in damages.

25.     After the settlement discussion broke down, XINGTAO CHEN told Plaintiff that she "would not be able to get the money anyway, because the restaurant ownership is already there

with someone else."

26.    Around July 30, 2020, YONGJUAN ZHU a/k/a Yong Juan Zhu called Plaintiff YVONNE CHIU and informed her that XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen was transferring all of the responsibility and legal liability for AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant to her.

27.    Upon information and belief, the transfer was completed not only for no consideration, but in fact XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen paid YONGJUAN ZHU a/k/a Yong Juan Zhu to induce him to take on-paper ownership of the shares.

28.    XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen continued to control and operate the Lou Joe restaurant.

29.    XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen promised YONGJUAN ZHU a/k/a Yong Juan Zhu that she wouldn't have to do anything, but would just be the owner on paper.

30.    XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen also informed YONGJUAN ZHU a/k/a Yong Juan Zhu that YVONNE CHIU was suing AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant, but promised YONGJUAN ZHU a/k/a Yong Juan Zhu that she wouldn't be liable for anything. Only after being promised that she wouldn't be liable for anything did YONGJUAN ZHU a/k/a Yong Juan Zhu agree to purchase the 90% interest.

31.    Later, at a meeting at an attorney's office—upon information and belief the office of either Bingchen Li or Michael Santangelo—YONGJUAN ZHU a/k/a Yong Juan Zhu was informed, to the exact contrary of what she had been promised, that she would be liable for AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant's unpaid wages.

32.     The transaction is really an outright attempt by XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen to divest herself of all liability and foist liability on YONGJUAN ZHU a/k/a Yong Juan Zhu.

**ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song**

33.     ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song is the master chef of another restaurant owned by XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen called Haiku Asian Bistro, and the registered agent of EAST VILLAGE STAFFING, INC.

34.     EAST VILLAGE STAFFING, INC. in turn acts as the pass through vehicle for employee payroll of Lou Joe Restaurant. *See* Exhibit 2 Restaurant Management and Operations Agreement.

**YOLANDA LOU**

35.     YOLANDA LOU was XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen's accountant, AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant, and upon information and belief EAST VILLAGE STAFFING, INC.

## STATEMENT OF FACTS

*EAST VILLAGE STAFFING, INC. and AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant Form a Single Enterprise that Employed Plaintiff*

36.     Upon information and belief, Corporate Defendants AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant and EAST VILLAGE STAFFING, INC. constitute a single enterprise as the term is defined by 29 USC §203(r), and together employed Plaintiff.

37.     Specifically, EAST VILLAGE STAFFING, INC. is a shell corporation established for the sole purpose of "passing" the payroll checks for employees of AMERICAN

YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant through itself rather than through AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant.

38.     This scheme devised by XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen to shield herself and her corporation AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant from liability.

39.     However, as described more fully below, EAST VILLAGE STAFFING, INC. would receive an exact amount in check to pay off AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant's employees from AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant, and would distribute that amount in cash to employees of AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant thus serving as a mere pass-through vehicle for AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant.

40.     XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen remained the true manager of Lou Joe Restaurant throughout, and would approve the amount of payroll as submitted by her accountant YOLANDA LUO.

**_Fraudulent Conveyance_**

41.     XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen was personal friends with BINGCHEN LI a/k/a Eric Li and his wife, SUSAN TAN, who frequented the Lou Joe restaurant.

42.     Upon information and belief, BINGCHEN LI a/k/a Eric Li withdrew from representing AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant and XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen in _Chiu I_ when it became clear that his involvement in devising the fraudulent transfer and staffing agreement, involving parties who were induced by fraud to sign the Staffing Agreement and Share Purchase Agreement, is clearly unethical.

43.     ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song

would come in on his days off to Lou Joe Restaurant from Haiku Asian Bistro.

44.     ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song

lived in the same house as YONGJUAN ZHU a/k/a Yong Juan Zhu.

45.     At the time, when Plaintiff asked why some of the Lou Joe Restaurant staff were

being paid by EAST VILLAGE STAFFING, INC., SATO, who was the Manager at the time,

replied that it was so that the restaurant would not be liable for owed wages and unpaid overtime.

46.     ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song

works as the head chef.

47.     As part of the scheme to avoid liability in the *Chiu I*, Defendant XING MEI CHEN

a/k/a Xingmei Chen a/k/a Elizabeth Chen had Defendant ZHAO MIN SONG a/k/a Chao Min Song

a/k/a Zhaomin Song a/k/a Chaomin Song create a shell "staffing" corporations, namely EAST

VILLAGE STAFFING, INC.

48.     However, as ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a

Chaomin Song has admitted to Plaintiff, all of the restaurant's expenses and employees' wages are

still paid for by XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen.

49.     Plaintiff knows that the transfer is in name only because Plaintiff, who was some-

times assigned to count the money used to pay employees, would need to tell the accountant

YOLANDA LUO, the amount money that she had counted.

50.     YOLANDA LUO would then ask XING MEI CHEN a/k/a Xingmei Chen a/k/a

Elizabeth Chen for that amount of money for the payroll.

51.     XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen would then sign the

check and give to XINGTAO CHEN, her sister-in-law, who would then go to the store to give it

to YONGJUAN ZHU a/k/a Yong Juan Zhu.

52.     YONGJUAN ZHU a/k/a Yong Juan Zhu would then deposit the check into EAST VILLAGE STAFFING, INC.'s bank account. And two to three days later, once the deposit cleared, YONGJUAN ZHU a/k/a Yong Juan Zhu would write the payroll checks in the name of EAST VILLAGE STAFFING, INC.

53.     These checks would then be distributed to the employees of AMERICAN YUEXIANGGUI OF LI LLC d/b/a Lou Joe Restaurant, including Plaintiff

### *Wage-and-Hour Claims*

54.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

55.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

56.     In addition, Defendants owe Plaintiff three (3) days of pay.

57.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

58.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

59.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

60.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay

day.

61.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

62.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff YVONNE CHIU***

63.     At all relevant times, there are between thirteen (13) and fourteen (14) employees at the restaurant.

64.     Plaintiff punched in and out for the first one (1) or two (2) weeks.

65.     Thereafter, Plaintiff was advised to *not* punch in and out, even after Plaintiff punched in and out, Defendant Chen would alter the time records afterwards.

66.     From on or about October 19, 2017 to July 16, 2018, Plaintiff YVONNE CHIU was employed by Defendants to work as a cashier at 255 Willis Ave, Roslyn Heights, NY 11577.

67.     From on or about October 19, 2017 to December 31, 2017, Plaintiff YVONNE CHIU's regular work schedule ran from 11:00 to 22:00 for eleven (11) hours a day on Mondays and Thursdays for two (2) days and twenty two (22) hours a week; 13:30 to 22:00 for eight and a half (8.5) hours on Sundays; and 11:00 to 23:00 for twelve (12) hours a day on Fridays and Saturdays for two (2) days and twenty four (24) hours a week for a total of 54.50 hours each week.

68.     From on or about January 1, 2018 to June 30, 2018, Plaintiff YVONNE CHIU's regular work schedule ran from 11:00 to 22:00 for eleven (11) hours a day on Mondays, Thursdays, and Sundays for three (3) days and thirty three (33) hours a week; and 11:00 to 23:00 for twelve (12) hours a day on Fridays and Saturdays for two (2) days and twenty four (24) hours a week for

a total of 57 hours each week.

69.     From on or about July 01, 2018 to July 16, 2018, Plaintiff YVONNE CHIU's regular work schedule ran from 11:00 to 22:00 for eleven (11) hours on Mondays, Thursdays and Sundays, for three (3) days and thirty three (33) hours a week; and 11:00 to 23:00 for twelve (12) hours a day on Fridays and Saturdays for two (2) days and twenty four (24) hours a week; and extra half (.5) hours for three (3) days and one and a half (1.5) hours a week for a total of 58.5 hours each week.

70.     At all relevant times, Plaintiff YVONNE CHIU did not have a fixed time for lunch or for dinner.

71.     In fact, Plaintiff YVONNE CHIU had fifteen (15) minutes to eat and even then, she was on call, meaning that if she was needed while she was eating, she had to immediately stop eating and get back to work.

72.     At all relevant times, Plaintiff YVONNE CHIU was paid a flat rate of Seven Hundred Twenty-Three Dollars ($723) per week in cash and check, with three hundred dollars ($300) in check and Four Hundred Twenty-Three Dollars ($423) in cash.

73.     In Plaintiff's last month of employment, Plaintiff was paid two hundred dollars ($200) extra to help verify all incoming order materials.

74.     At all relevant times, Plaintiff YVONNE CHIU was not paid overtime pay for overtime work.

75.     In addition, in June of 2018, Plaintiff YVONNE CHIU was not paid for three (3) days of pay for around five hundred dollars ($500).

76.     Throughout her employment, Plaintiff YVONNE CHIU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and

telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

77.     Throughout her employment, Plaintiff YVONNE CHIU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

78.     Throughout her employment, Plaintiff YVONNE CHIU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate or at the New York State minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants from the first day Defendant began employing people on or about July 2017, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

80.     Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants from the first day Defendant began employing people on or about July 2017, through entry of judgment in this case (the "Class Period").

81.     All said persons, including Plaintiff, are referred to herein as the "Class."

82.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### Numerosity

83.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### Commonality

84.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.     Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

c.     Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

d.     Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

g.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

85.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

86.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

87.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

88.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wages
Brought on behalf of the Plaintiff and the FLSA Collective against EAST VILLAGE STAFFING, INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song]**

89.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

91.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

92.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Unpaid Wages
Brought on behalf of Plaintiff and Rule 23 Class against EAST VILLAGE STAFFING, INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song]**

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     At all relevant times, Plaintiff is employed by Defendants within the meaning of

New York Labor Law §§ 2 and 651.

95.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

96.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay her wages in the lawful amount for hours worked.

97.     An employer who fails to pay wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective against EAST VILLAGE STAFFING, INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song]

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

100.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

101.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

102.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

103.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

104.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

105.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class against EAST VILLAGE STAFFING,
INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin
Song]**

106.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.    An employer who fails to pay wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

108.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

109.   Defendant' failure to pay Plaintiff her overtime pay violated the NYLL.

110.   Defendants' failure to pay Plaintiff was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and Rule 23 Class against EAST VILLAGE STAFFING,**
**INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin**
**Song]**

111.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

113.   Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class against EAST VILLAGE STAFFING,**
**INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin**
**Song]**

114.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the

beginning and end of the shift for employees whose shift lasts more than six hours and starts be-

tween 1 p.m. and 6 a.m. NYLL § 162.

116.    Defendants failed to provide meal periods required by NYLL § 162 for every day

that Plaintiff worked.

117.    Though the Department of Labor commissioner may permit a shorter time to be

fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept

conspicuously posted in the main entrance of the establishment. No such permit is posted.

118.    Defendants' failure to provide the meal periods required by NYLL § 162 was not

in good faith.

### COUNT VII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class against EAST VILLAGE STAFFING, INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song]**

119.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

120.    The NYLL and supporting regulations require employers to provide written notice

of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of em-

ployer's main office or principal place of business, and a mailing address if different; the telephone

number of the employer.  NYLL §195-1(a).

121.    Defendants intentionally failed to provide notice to employees in violation of New

York Labor Law § 195, which requires all employers to provide written notice in the employee's

primary language about the terms and conditions of employment related to rate of pay, regular pay

cycle and rate of overtime on their or her first day of employment.

122.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

123.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class against EAST VILLAGE STAFFING, INC., and ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a Chaomin Song]

124.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

125.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

126.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

127.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT IX.
**[New York Debtor and Creditor Law § 273**
**Voidable Transfer against XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen,**
**YONGJUAN ZHU a/k/a Yong Juan Zhu, ZHAO MIN SONG a/k/a Chao Min Song a/k/a**
**Zhaomin Song a/k/a Chaomin Song, and YOLANDA LUO]**

128.     Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

129.     The Purported Transfer was made without fair consideration.

130.     The Transferor Defendants were insolvent at the time of the Purported Transfer or were rendered insolvent as a result of the Purported Transfer.

131.     The Purported Transfer constitutes a fraudulent conveyance by a person who is or will thereby be rendered insolvent, pursuant to NYDCL § 273.

132.     The Fraudulent Transfer should be declared null and void.

## COUNT X.
**Unjust Enrichment – New York Common Law**
**against XING MEI CHEN a/k/a Xingmei Chen a/k/a Elizabeth Chen, YONGJUAN ZHU**
**a/k/a Yong Juan Zhu, ZHAO MIN SONG a/k/a Chao Min Song a/k/a Zhaomin Song a/k/a**
**Chaomin Song, and YOLANDA LUO**

133.     Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

134.     There is no legal justification for the Fraudulent Transfer, and it constitutes a fraudulent conveyance, the retention of which has benefited each of the Defendants and thus unjustly enriched each of the Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to pro-vide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to pro-vide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any al-lowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      Adjudging the Purported Transfer to be fraudulent and annulling the underlying conveyance;

m)      adjudging the Purported Transfer to be fraudulent and awarding Plaintiffs all damages resulting from the unlawful transfer;

n)      awarding Plaintiffs an amount equal to Plaintiffs' attorneys' fees and expenses in-curred in connection with this action;

o)       imposition of a constructive trust and/or equitable lien over the Property and an order that the Transferor and Transferee Defendants make restitution to Plaintiffs or for damages equal to the value the Transferor Defendants and Transferee Defendants gained by the Fraudu-lent Transfer, plus attorneys' fees, costs, and interest; and

p)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

q)      The cost and disbursements of this action;

r)      An award of prejudgment and post-judgment fees;

s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

t)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York

October 5, 2020

TROY LAW, PLLC

*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

/s/ John Troy
     John Troy (JT0481)